# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| INFINITY CARE OF TULSA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-525-GKF-FHM |
| | ) | |
| KATHLEEN SEBELIUS, Secretary of United | ) | |
| States Department of Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter comes before the court on the Motion to Dismiss (Dkt. #7) of defendant Kathleen Sebelius (the "Secretary"). The Secretary claims this court lacks subject matter jurisdiction.

Plaintiff Infinity Care of Tulsa ("Infinity") challenges the legality of the Medicare reimbursement formula promulgated in 42 C.F.R. §418.309(b) on the grounds that it conflicts with its governing statute, 42 U.S.C. §1395f(i)(2)(C). Infinity first brought this challenge before the Provider Reimbursement Review Board ("PRRB") of the Department of Health and Human Services. The PRRB determined that although it had jurisdiction over the dispute, it did not have authority to review the legality of the challenged regulation, and thus approved the challenge for Expedited Judicial Review ("EJR") pursuant to 42 C.F.R. §405.1842 and 42 U.S.C. §1395oo(f)(1). The Secretary, on her own initiative, reviewed and then reversed the determination of the PRRB that it had jurisdiction, finding the PRRB had not demonstrated the minimum $10,000 amount in controversy had been met.

Infinity then filed this law suit despite the Secretary's findings. The Secretary seeks to dismiss this suit, arguing that 42 C.F.R. §405.1842 authorizes her to review the jurisdictional finding of the PRRB. Infinity argues that regulation conflicts with the authorizing statute 42 U.S.C.

§1395oo(f). The court must determine whether the regulation is a permissible interpretation of the statute using a *Chevron* analysis. *See Chevron, Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

> "When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute."

*Chevron,* 467 U.S. at 842-43. A regulation which is "inconsistent with unambiguous language in the statute . . . therefore should not receive *Chevron* deference." *United Keetoowah Band of Cherokee Indians of Okla. v. U.S.*, 567 F.3d 1235, 1240-41 (10th Cir. 2009).

The court begins with a textual analysis of 42 U.S.C. §1395oo(f) and 42 C.F.R. §405.1842 to determine if Congress has directly spoken to the precise question at issue in this case. Amongst other things, 42 C.F.R. §405.1842 implements 42 U.S.C. §1395oo(f)(1) and provides in relevant part that: "[t]he Administrator may review the Board's jurisdictional finding, but not the Board's authority determination."[1] The statute provides, in relevant part:

> "(1) A decision of the Board shall be final unless the Secretary, on his own motion, and within 60 days after the provider of services is notified of the Board's decision, reverses, affirms, or modifies the Board's decision. *Providers shall have the right to obtain judicial*

---

[1]The terms "Administrator" and "Secretary" both refer herein to the Secretary of the Department of Health and Human Services and are used interchangeably.

2

> *review of any final decision of the Board, or of any reversal, affirmance, or modification by the Secretary*, by a civil action commenced within 60 days of the date on which notice of any final decision by the Board or of any reversal, affirmance, or modification by the Secretary is received. *Providers shall also have the right to obtain judicial review of any action of the fiscal intermediary which involves a question of law* or regulations relevant to the matters in controversy *whenever the Board determines* (on its own motion or at the request of a provider of services as described in the following sentence) *that it is without authority to decide the question*, by a civil action commenced within sixty days of the date on which notification of such determination is received. *If a provider of services may obtain a hearing under subsection (a) of this section and has filed a request for such a hearing, such provider may file a request for a determination by the Board of its authority to decide the question of law* or regulations relevant to the matters in controversy (accompanied by such documents and materials as the Board shall require for purposes of rendering such determination). The Board shall render such determination in writing within thirty days after the Board receives the request and such accompanying documents and materials, *and the determination shall be considered a final decision and not subject to review by the Secretary*."

42 U.S.C. §1395oo(f)(1) (emphasis added).

The language of the statute creates two separate circumstances under which a provider may obtain judicial review. First, the statute permits judicial review of a final decision of the agency; and second, it permits judicial review of a contested regulation or question of law (also known as an EJR). The first two sentences of §1395oo(f)(1) provide that a decision of the PRRB shall be final if it is not reversed, affirmed or modified by the Secretary within 60 days, and that the provider *"shall have the right to obtain judicial review of any final decision of the Board, or of any reversal, affirmance, or modification by the Secretary"* within 60 days of the notice of the final decision. (Emphasis added). The first part of §1395oo(f)(1) "contains no reference to a provider's request for expedited judicial review, because EJR was not intended to be addressed in the first part of

3

§1395oo(f)(1)." *Am. Hospice Inc. v. Sebelius*, Case No. 1:08-cv-01879-JEO (N.D. Ala.) (Dkt. #10-2, p.19). The statute then permits providers to obtain review in a second circumstance: "*[p]roviders shall also have the right to obtain judicial review of any action of the fiscal intermediary which involves a question of law* or regulations relevant to the matters in controversy *whenever the Board determines* (on its own motion or at the request of a provider of services as described in the following sentence) *that it is without authority to decide the question . . .*" 42 U.S.C. §1395oo(f)(1) (Emphasis added). Unlike final decisions under the first part of §1395oo(f)(1), when the PRRB determines it is without authority to review a question of law, this "determination shall be considered a final decision and not subject to review by the Secretary." Thus, although under the first part of the statute final decisions are normally reviewable by the Secretary, under the second part a PRRB determination that it has no authority to rule on a question of law is not reviewable.

The Secretary argues that although she may not review the PRRB's "no authority" determination, she may indirectly vacate it by reviewing the PRRB's finding of jurisdiction, and thereby reverse the finality of the no authority determination. The Secretary does not engage in any textual analysis of §1395oo(f)(1), nor did she reply to Infinity's argument that her interpretation is contrary to §1395oo(f)(1). As authority for her position, the Secretary cites 42 C.F.R. §405.1842, and an order dismissing a case with facts similar to those here. *See Interim Healthcare of Oklahoma City, Inc. v. Sebelius*, No. Civ-09-1308-HE (W.D. Okla. Mar. 22, 2010) (Dkt. #7-1). In *Interim Healthcare*, the court granted the Secretary's motion to dismiss on the grounds that plaintiff had failed to exhaust administrative remedies, but did not address the validity of the regulation under §1395oo(f)(1). *See Id. Interim Healthcare* does not, therefore, address the precise issue presented here.

Numerous courts have recently held that the Secretary may not review the PRRB's finding that the provider had established the requisite jurisdictional amount after the PRRB determined it lacked authority to decide a question of law presented by the appeal. *See Caring Hearts Hospice, Inc. v. Sebelius*, Case No. CIV-10-232-RAW (E.D. Okla.) (*See* Dkt. #10-1); *Am. Hospice*, Case No. 1:08-cv-01879-JEO (*See* Dkt. #10-2); *Affinity Healthcare Serv., Inc. v. Sebelius*, Case No. 10-0946-RMU (D.D.C.) (*See* Dkt. #10-3); *Prairie View Hospice, Inc. v. Sebelius*, Case No. CIV-10-898-C (W.D. Okla.) (*See* Dkt. #17-1).

The text of §1395oo(f)(1) provides an answer to the issue before the court. The first part of the statute gives the Secretary authority to review any final determination of the PRRB which does not involve an EJR dispute. Under the second part of the statute, "[p]roviders shall also have the right to obtain judicial review of any action of the fiscal intermediary which involves a question of law or regulations relevant to the matters in controversy *whenever the Board determines* (on its own motion or at the request of a provider of services as described in the following sentence) that it is without authority to decide the question . . ." 42 U.S.C. §1395oo(f)(1) (emphasis added). The use of the term "whenever" indicates Congressional intent that a provider's right to obtain judicial review is not limited by the Secretary's claimed right to conduct additional review. There are any number of ways Congress could have phrased §1395oo(f)(1) had it intended to grant the Secretary authority to conduct additional review. Instead §1395oo(f)(1) states that "whenever" the PRRB determines it has no authority to decide a question of law, the provider may seek judicial review. The statute does not grant the Secretary the power to review the PRRB's determination of jurisdiction after the PRRB determines it is without authority to review a regulation. On the contrary, the statute explicitly provides that the PRRB's no authority determination is "a final

decision and not subject to review by the Secretary." 42 U.S.C. §1395oo(f)(1). If the Secretary could sidestep the bar to her further review by reviewing the jurisdictional basis of an EJR request, the second part of the statute permitting judicial review would become functionally meaningless. Put another way, permitting the Secretary to review the jurisdictional determination would "potentially have the effect of precluding judicial consideration of the provider's underlying challenge . . ." *Affinity Healthcare,* Case No. 10-0946-RMU (Dkt. #10-3, p.17).

Because the statutory language is unambiguous, the court need not examine the legislative history[2] behind the statute. Where, as here, a regulation is "inconsistent with unambiguous language in the statute . . . [it] therefore should not receive *Chevron* deference." *United Keetoowah Band*, 567 F.3d at 1240-41. The court holds that the Secretary's interpretation of 42 U.S.C. §1395oo(f)(1) as embodied in 42 C.F.R. §405.1842 is contrary to the unambiguous language of the statute and must therefore be rejected. The Secretary's Motion to Dismiss (Dkt. #7) is therefore denied.

DATED this 3rd day of May, 2011.

*[signature: Gregory K. Frizzell]*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

[2]For an exhaustive analysis of the legislative history and prior case law surrounding 42 U.S.C. §1395oo(f)(1), see the very thorough opinion of Magistrate Judge John E. Ott of the Northern District of Alabama in *Am. Hospice*, Case No. 1:08-cv-01879-JEO (*see* Dkt. #10-2) (holding that 42 C.F.R. §405.1842 is invalid under 42 U.S.C. §1395oo(f)(1)).